## CONLEY *et al. v.* BUCK.

When this case was here before (100 *Ga.* 189), it was held that "there was sufficient evidence to warrant the verdict rendered, in so far as it found the property therein referred to subject to the plaintiff's execution, and also to warrant the finding as to the amounts due thereon; but, inasmuch as there was no prayer in the petition authorizing any finding as to such amounts, direction is given that the verdict and judgment be amended so as to strike therefrom all which relates to this particular matter." It was, therefore, not error for the court below, when the remittitur was entered, to order that the execution which had been erroneously issued on the latter judgment should be quashed. It was not necessary that the motion praying for such order should have been made in writing, and especially would that be the case when no objection was made in the court below that the motion was not in writing.

Submitted December 1, — Decided December 20, 1897.

Motion to enter remittitur. Before Judge Lumpkin. Fulton superior court. March term, 1897.

*John L. Conley*, for plaintiffs in error.
*Arnold & Arnold*, contra.

Lewis, J. The defendant in error in this case was the owner and holder of an execution against John L. Conley. This execution, which was issued on April 25, 1888, was levied upon certain property which was claimed by the wife of the defendant in fi. fa. The plaintiff in fi. fa. filed an equitable petition against the defendant, his wife, and others, seeking, among other things, to cancel an alleged fraudulent conveyance of certain property, made by the defendant to his wife, and to subject this property to his execution. Upon the trial of that case in Fulton superior court, the jury rendered a verdict for the plaintiff against the defendant and his wife, finding the conveyance from him to her void as against the plaintiff, and the land thus conveyed subject. They also found in the verdict a specified amount due the plaintiff under his execution.

To this finding the defendants excepted, and by writ of error brought the case to this court, when the judgment was affirmed with direction that the verdict and judgment be amended so as to strike therefrom all which related to the amounts due upon plaintiff's fi. fa. (See *Conley* v. *Buck*, 100 *Ga.* 189.) Previously to the decision of this court, however, a fi. fa. had been issued upon the judgment rendered on the verdict of the jury. When the remittitur of this court in said case was made the judgment of the court below, and its verdict and judgment were modified in accordance with said decision, the plaintiff in fi. fa. moved orally to quash the execution last above mentioned, which motion was sustained by the court below. To this judgment of the court below the defendants except and assign the same as error.

The effect of the verdict and judgment below on the equitable petition filed by the plaintiff in fi. fa., as modified by the decision of this court, was merely to declare that the conveyance from the defendant to his wife was fraudulent and void as against plaintiff's claim, and that the property thus conveyed was subject to the fi. fa. issued in 1888. The plaintiff's petition was nothing more than an equitable proceeding in aid of his levy, and the verdict and judgment rendered thereon was no more in effect than a finding in an ordinary claim case that the property was subject to the plaintiff's execution. It simply gave vitality and force to the plaintiff's original execution as a lien upon the property to which defendant's wife had asserted title. This being the case, no execution could have issued upon such a finding. The doctrine of merger of plaintiff's demand in a judgment thus rendered upon an equitable proceeding merely ancillary to his common-law remedy has no application whatever. An execution for the seizure and sale of property, without the specification of any amount therein to be recovered, would indeed be an anomaly in judicial process. The effect of the judgment of this court above cited was to deal a death-blow to the last execution issued, and there was no error in quashing the same upon motion of plaintiff's counsel.

The plaintiffs in error, however, insisted especially that the court erred in sustaining this motion, first, because it was not

in writing; and secondly, because the fi. fa. sought to be quashed was not exhibited. It appears from the record that these objections were not insisted upon in the court below, and were made for the first time after the case reached this court. The existence of the fi. fa. quashed was not denied, but really admitted, in a motion made by the defendants below to recall the same and have it amended so as to conform to their interpretation of the judgment rendered by this court.

*Judgment affirmed. All the Justices concurring.*